UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 07-50097-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| VERNON CLAVILLE | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

  Before the Court is a Motion to Find 18 U.S.C. § 1961, the Racketeer Influenced and Corrupt Organizations Act ("RICO") statute, Unconstitutional (Record Document 53) filed by the defendant, Vernon Claville ("Claville").  Relying on the concurrence in H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 109 S.Ct. 2893 (1989), Claville argued that the RICO statute is unconstitutional because its definitions and scope are vague, ambiguous, and incapable of being interpreted by courts.  Specifically, he challenged the statute's "enterprise" requirement under Section 1962(c) and the "pattern of racketeering activity" requirement under Section 1962(a).  See Record Document 79 at 2.  The Government opposed the motion, arguing "all ten of the courts of appeals that have addressed the issue since H.J. Inc. was decided have rejected the vagueness argument."  Record Document 68 at 1-2.  The Government also noted that Claville generally attacked the RICO statute as being vague and failed to lodge a vagueness complaint in light of the facts in this case.  See id. at 2.

  A penal statute is void for vagueness if it does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited or if it encourages arbitrary and discriminatory enforcement.  See U.S. v. Gray, 96 F.3d 769, 776 (5th Cir. 1996) (citations omitted).  A vagueness challenge that does not invoke the First Amendment must be examined in light of the facts of the case at hand.  See id.  Thus,

the Court must consider whether RICO's definitions of "enterprise" and "pattern of racketeering activity" are sufficient to give an ordinary person in Claville's situation fair notice that an enterprise includes the Judicial Branch of Louisiana government and that his alleged acts of extracting bribes in relation to judicial transactions constitute an unlawful "pattern of racketeering activity."

**"Enterprise" Element**

In his reply brief, Claville argued the RICO statute is vague as to what constitutes an "enterprise" and that without having a clear definition of "enterprise," it was impossible for him to have notice that his position as a state juvenile court judge allegedly constituted being employed by an enterprise, i.e., the Judicial Branch of Louisiana government. See Record Document 79 at 2. While it requires some divination, it appears that Claville is arguing that RICO's definition of the "enterprise" requirement is unconstitutionally vague because it is so broad that it encourages discriminatory RICO enforcement by the Government.

In this case, Claville had adequate notice that the Judicial Branch of Louisiana government was an enterprise which fell within RICO's ambit. The statute's definition of the term "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). At a minimum, it is clear that the Judicial Branch of Louisiana government is "a group of persons associated together for a common purpose of engaging in a course of conduct." U.S. v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528 (1981). Moreover, the Fifth Circuit has reasoned that RICO's definition of "enterprise" is broad enough to encompass government entities, departments, and agencies such as courts.

See U.S. v. Stratton, 649 F.2d 1066, 1074 (5th Cir. 1981); see also U.S. v. Brown, 555 F.2d 407, 415 (5th Cir. 1977) (RICO statute's "language is broad enough to include public as well as private entities."). The Court finds that Claville was adequately warned that the Judicial Branch of Louisiana government was an enterprise within RICO's scope; thus, the RICO statute's "enterprise" element is not unconstitutionally vague as applied to Claville.

**"Pattern of Racketeering Activity" Element**

Claville challenged the "pattern of racketeering activity" element as unconstitutionally vague because "there was no notice to [him] that he could be susceptible to allegations of a RICO offense by receiving money from acquaintances just because he was a juvenile court judge." Record Document 79 at 2. Thus, the Court must consider whether RICO's definition of "pattern of racketeering activity" is sufficient to given an ordinary person in Claville's situation fair notice that his alleged acts of extracting bribes constitute an unlawful "pattern of racketeering activity" accomplished through his position as a public officer.

The Supreme Court has "defined the 'pattern' component to require the prosecution to show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." U.S. v. Krout, 66 F.3d 1420, 1432 (5th Cir. 1995), citing H.J. Inc., 492 U.S. at 239, 109 S.Ct. at 2900. The racketeering predicate acts are related if they embrace "criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." H.J. Inc., 492 U.S. at 240, 109 S.Ct. at 2901. The continuity requirement may be established by either showing a series of related predicate acts extending over a substantial period of time or past conduct that by its nature projects into the future with a threat of repetition. See id. at 241-242, 109

S.Ct. at 2902.

There is no vagueness problem in applying the H.J., Inc. standard to Claville's alleged acts of extracting bribes. The Government alleged that beginning sometime in 2004 and continuing until sometime in July 2007, Claville and other defendants improperly used the Enterprise to enrich themselves by extracting bribes in the form of cash and other things of value from individuals and organizations with business before the Enterprise. See Record Document 1, ¶¶ C & E. These predicate acts are related, as the indictment clearly reveals that they were part of a scheme by Claville and his co-defendants to illegally profit from their positions as, or associations with, public officials. Claville's alleged conduct also easily satisfies the continuity requirement, as the Government alleged that the related predicates acts occurred over the course of approximately three years. See id., ¶ E. Further, the indictment outlines specific predicate acts occurring from May 2007 through July 2007. See id., ¶ F.

Accordingly,

**IT IS ORDERED** that the Motion to Find 18 U.S.C. § 1961 Unconstitutional (Record Document 53) filed by the defendant, Vernon Claville, be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this the 12th day of March, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE