UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 07-50097-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| VERNON CLAVILLE | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a "Motion for Compensation of Jurors at Current Wages and Reimbursement to Primary Caregivers for Day Care Costs" (Record Document 51) filed by the defendant, Vernon Claville ("Claville"). Claville contends that the current $40 attendance fee paid to jurors is less than minimum wage and results in a disproportionate exclusion of "blacks and working class blue collar individuals." Record Document 51 at 2. He also argues that the Court's failure to reimburse primary caregivers of young children the full cost of day care during the term of their jury service will result in sex discrimination in the jury pool. See Record Document 51-2 at 1-2. Claville maintains that the *de facto* exclusion of blacks, women, daily wage earners, and primary caregivers for young children violates his constitutional rights, namely his Sixth Amendment right to be tried by a jury made up from a fair cross section of society.[1] See id. at 4. The Government did not respond to Claville's motion. For the reasons which follow, the Motion for Compensation of Jurors at Current Wages and Reimbursement to Primary Caregivers for Day Care Costs is **DENIED**.

---

[1] In his motion, Claville seeks relief under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. See Record Document 51 at 1. Yet, the arguments developed in his motion and accompanying memorandum are based exclusively on the Sixth Amendment, with only a few passing references to the Fourteenth Amendment. Accordingly, this Court will consider only Claville's Sixth Amendment challenge, as the other constitutional arguments appear to be perfunctory.

Title 28, United States Code, Section 1871(b)(1) provides that "a juror shall be paid an attendance fee of $40 per day for actual attendance at the place of trial." Section 1871(b) further states that " a petit juror required to attend more than thirty days in hearing one case may be paid, in the discretion of the trial judge, an additional fee, not exceeding $10 more than the attendance fee, for each day in excess of thirty days on which he is required to hear such case." Thus, the relief sought in Claville's motion fails under the plain language of the Jury Selection and Service Act, as the Court is only required to pay jurors a $40 attendance fee and may, within its discretion, pay jurors who serve in a lengthy proceeding an additional $10 per day.

"The Sixth Amendment guarantees a criminal defendant the right to a trial by a jury selected from a fair cross-section of the community." U.S. v. Olaniyi-Oke, 199 F.3d 767, 772-773 (5th Cir. 1999) (citation omitted). To establish a *prima facie* violation of the Sixth Amendment, Claville must demonstrate that the groups alleged to be excluded are "distinctive" groups in the community; that the representation of these groups in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and that these underrepresentations are due to systematic exclusion of the groups in the jury-selection process. Id. at 773. Here, even if the Court assumes for the limited purpose of this ruling that Claville has identified "distinctive groups," his Sixth Amendment challenge fails. In relation to the instant motion, Claville has presented no evidence regarding the actual number of blacks,[2] women, daily wage

---

[2] Claville has filed an additional motion arguing that the jury selection process utilized in the Western District of Louisiana is biased and does not comply with 28 U.S.C. § 1861 *et seq.* because the jury pool represents a disproportionately low number of African Americans. See Record Document 41. Hence, the Court will more closely examine Claville's race based challenge to the jury selection process in its ruling on Claville's

earners, and primary caregivers for young children in the community. Thus, the Court has no comparison statistics and cannot examine whether the representation of these groups in venires from which juries are selected is fair and reasonable in relation to the number of such persons in the community. Claville has simply not met his burden of establishing a *prima facie* violation of the Sixth Amendment.

Accordingly,

**IT IS ORDERED** that the "Motion for Compensation of Jurors at Current Wages and Reimbursement to Primary Caregivers for Day Care Costs" (Record Document 51) be and are hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this the 24th day of March, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

"Motion to Find the Jury Selection Process Utilized Bias and a Substantial Failure to Comply with 28 U.S.C. § 1861." See id.