**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 07-50097-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| VERNON CLAVILLE | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a "Motion to Exclude Interpretation Testimony of FBI Special Agent J.T. Coleman and any Government Agent" (Record Document 49) filed by the defendant, Vernon Claville ("Claville"). Claville argues that the testimony of Agent Coleman any other Government agent should be excluded under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993), because they do not qualify as expert interpreters of "code words" contained in phone calls intercepted via a Title III wiretap. The Government opposed the motion, maintaining that the opinion testimony of Agent Coleman and other Government agents would be offered pursuant to Federal Rule of Evidence 701,[1] not Rule 702.[2] For the reasons which follow, the motion is **DENIED**.

---

[1] Rule 701 provides:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

[2] Rule 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the

The Fifth Circuit's opinion in U.S. v. Miranda, 248 F.3d 434 (5th Cir. 2001) is directly on point. In Miranda, a FBI special agent testified at trial regarding his investigation of a drug conspiracy, including his translation of intercepted phone calls from Spanish to English. See id. at 441. The agent "identified various code words that callers had used and the English drug terms to which the words referred." Id. The defense "objected [to such testimony] on the grounds that [the agent] was testifying as an expert." Id. The district court overruled the objection and held that the agent was not testifying as an expert, but as a lay witness under Rule 701. See id. The district court went on to reason that even if the agent were testifying as an expert, "he nonetheless had 'the necessary expertise to be able to give this testimony in light of his experience in the law enforcement area.'" Id. On appeal, the Fifth Circuit upheld that district court's evidentiary ruling, stating:

> [The agent's] extensive participation in the investigation of *this* conspiracy, including surveillance, undercover purchases of drugs, debriefings of cooperating witnesses familiar with the drug negotiations of the defendants, and the monitoring and translating of intercepted telephone conversations, allowed him to form opinions concerning the meaning of certain code words used in *this* drug ring based on his personal perceptions. We therefore hold that [the agent's] testimony was admissible pursuant to Rule 701 and that the district court did not abuse its discretion in admitting his testimony.

Id. (emphasis added).

According to the Government's opposition, Agent Coleman and other Government agents may offer opinion testimony regarding the contents of the intercepted phone calls. Such testimony is permissible under Rule 701 as long as the testimony is rationally based on the perception of the witness. This requirement is likely to be met, as Agent Coleman and other Government agents have firsthand knowledge of the contents of the intercepted

---

principles and methods reliably to the facts of the case.

phone calls because they listened to the conversations. Yet, if the agents' interpretation of the conversations goes beyond their perceptions of the phone calls *in this case* and is based on specialized knowledge and/or accumulated experience and training, the Government will be required to qualify the agents as experts under Rule 702.[3]

Accordingly,

**IT IS ORDERED** that the "Motion to Exclude Interpretation Testimony of FBI Special Agent J.T. Coleman and any Government Agent" (Record Document 49) filed by the defendant, Vernon Claville, be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this the 1st day of April, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Agent Coleman has been qualified as an expert witness in other criminal cases before this Court. See U.S. v. Ronald King, Criminal Number 06-50096-01. Thus, at this juncture, it appears that in light of Agent Coleman's specialized knowledge, experience, and training in the law enforcement area, he could be qualified as an expert and offer opinions regarding "code word" interpretations. However, if the Government serves a Notice of Intent to call Agent Coleman as an expert witness, the defendants are free to challenge his expert qualifications at that time.