UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA					CRIMINAL ACTION NO. 07-50097-02

VERSUS								JUDGE S. MAURICE HICKS, JR.

VERNON C. CLAVILLE					MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a "Motion to Strike Surveillance and Wire Tapping Recorded by the Government" (Record Document 50) filed by the defendant, Vernon Claville ("Claville"). The motion to strike is vague and ill drafted; yet, it appears that Claville moves to strike and/or exclude the videotaped surveillance of the alleged bribe payment made to him and any testimonial evidence on the wiretaps. The Government opposed the motion to strike. See Record Document 74. Based on the following analysis, the motion to strike is **DENIED**.

A few background facts are necessary. On July 21, 2007, the FBI executed an anticipatory search warrant for the person and/or vehicle of Claville. The Government believed that Travis McCullough ("McCullough"), who was cooperating with the FBI, was going to pay a bribe to Claville. The Government secured an anticipatory search warrant, and once McCullough paid Claville, FBI agents approached him to execute the warrant. After the warrant was executed, Claville produced eighteen $20 bills. These bills had been previously provided to McCullough by the FBI. FBI Special Agent J.T. Coleman told Claville that the FBI was looking at McCullough and that he would appreciate it if Claville did not discuss the matter. Claville agreed. As Agent Coleman was writing a receipt for the money, Claville acknowledged that he had gotten the money from McCullough, but

claimed that McCullough owed him the money for a gambling debt. The alleged bribe payment was videotaped by the FBI, but the execution of the anticipatory search warrant was not.

**Anticipatory Search Warrant and Videotaped Surveillance**

Claville "moves to strike and/or exclude the videotaped execution of the search warrant" executed against him because its prejudicial effect outweighs its probative value under Federal Rule of Evidence 403.[1] Record Document 81 at 1. Although he referred to the execution of the search warrant, the Court must assume that Claville seeks to exclude the videotape surveillance showing the alleged bribe payment, as the execution of the anticipatory search warrant was not videotaped. Claville contends that "showing only the prejudicial portion of the surveillance when any potential exculpatory evidence was deliberately not recorded will be misleading to the jury and prejudicial." Id. at 2.

There is nothing in the law requiring the FBI to videotape all aspects of its surveillance. Claville has also failed to provide any evidence to support his conclusory allegation that the Government deliberately failed to preserve exculpatory evidence and only recorded prejudicial material. Further, contrary to Claville's contention, it does not appear that his statement to Agent Coleman pertaining to the source of the money is truly exculpatory. Exculpatory evidence "is evidence favorable to an accused, so that, if

---

[1]Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

disclosed and used effectively, it may make the difference between conviction and acquittal." U.S. v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380 (1985). The FBI recorded a series of phone calls between McCullough and Claville leading up to alleged bribe and the execution of the anticipatory search warrant. Based on the content of these phone calls, wherein McCullough attempts to bribe Claville for the release of a juvenile court hold against Jamie White, it appears that Claville's statement that the money was for a gambling debt is untruthful. In light of the content of these phone calls, Claville's statement is not exculpatory. Further, according to the Government, the statement was not reduced to writing and will not be used at trial. See F.R.Cr.P. 16.[2]

---

[2]Rule 16(a) states, in pertinent part:

(1)  Information Subject to Disclosure.

    (A)  Defendant's Oral Statement. Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

    (B)  Defendant's Written or Recorded Statement. Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

        . . .

        (ii)  the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent.

Claville's motion to strike the videotaped surveillance on Rule 403 grounds is denied. He argued that "showing only the prejudicial portion of the surveillance when any potential exculpatory evidence was deliberately not recorded will be misleading to the jury and prejudicial." Record Document 81 at 2. Yet, Claville has no evidence to support his allegation that the Government deliberately failed to preserve purported exculpatory evidence. Claville has also failed to point to exculpatory evidence or any other evidence that the Government has not disclosed in violation of the Federal Rules of Criminal Procedure.

**Wiretapping**

Relying on Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), Claville argues that unless he "is afforded the opportunity to confront any witness against [him], any testimonial statements, including those recorded on the wiretaps, should be excluded." Record Document 81 at 2. More specifically, he requests that "all testimonial evidence including the wiretappings of the other defendant, Michael Walker, and any other witnesses be excluded unless that individual takes the stand." Id. at 3.

The wiretaps and other recorded evidence in this case are not excluded under Crawford, which dealt with "testimonial statements against the accused in a criminal case." Crawford, 541 U.S. at 56, 124 S.Ct. at 1367. The Crawford court went on to define "testimonial statements":

> Testimony . . . is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact. An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not. . . .
>
> Various formulations of this core class of testimonial statements exist: ex parte in-court testimony or its functional equivalent-that is, material such

> as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; extrajudicial statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

Id. at 51-52, 124 S.Ct. at 1364 (internal citations and quotations omitted). Under this definition, Title III and other surreptitious recordings are not testimonial. See U.S. v. Hendricks, 395 F.3d 173, 181 (3rd Cir. 2005) ("Title III recordings cannot be deemed 'testimonial' as the speakers certainly did not make the statements thinking that they 'would be available for use at a later trial.' Rather, the very purpose of Title III intercepts is to capture conversations that the participants believe are not being heard by the authorities and will not be available for use in a prosecution. Therefore, as recognized by other courts that have addressed similar issues, we find that the surreptitiously monitored conversations and statements contained in the Title III recordings are not 'testimonial' for purposes of Crawford."). Claville's motion to strike the wiretaps is denied, as Crawford's Confrontation Clause analysis is inapplicable to the Title III recordings in this case.

Accordingly,

**IT IS ORDERED** that the "Motion to Strike Surveillance and Wire Tapping Recorded by the Government" (Record Document 50) filed by the defendant, Vernon Claville, be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this the 1st day of April, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE