**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL NO. 07-50097-02

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

VERNON CLAVILLE                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion to Control Prejudicial Publicity (Record Document 48) filed by the defendant, Vernon Claville ("Claville").  Claville requests that "Defense counsel, all members of the U.S. Attorney's staff, members of the Federal Bureau of Investigation, subpoenaed witnesses, clerks, and officials in attendance to this Court be forbidden from commenting upon the subject matter of the trial" to any press with news reporting coverage within Caddo Parish, Louisiana, during the course of the trial in the above-captioned matter.  Record Document 48-2 at 1.  Claville further requests that the press "be excluded from physically appearing within the rail in the Courtroom" during trial and that the press be "forbidden from taking [and publishing] photographs of the defendants and witnesses within the proximity of the Courthouse during the pendency" of the trial.  See id. at 2.  The Government opposed the motion, arguing that Claville's motion is frivolous because it is overly broad in its scope; fails to cite a single legal authority in support of the motion; and the relief sought in the motion would violate the First Amendment.  See Record Document 75.  For the reasons which follow, the Motion to Control Prejudicial Publicity is **GRANTED IN PART** and **DENIED IN PART**.

At the outset, the Court notes that much of the relief sought by Claville is governed by the Local Rules of the Western District of Louisiana.  Local Rule 83.3.9(A) provides:

The taking of photographs in the courtroom or its environs or radio or

> television broadcasting from the courtroom or its environs,[1] during the progress of or in connection with judicial proceedings . . . , whether or not court is actually in session, is prohibited.

Local Criminal Rule 53.9 pertains to special orders and states that "in a widely publicized or sensational case, the court, on motion of either party or on its own motion, may issue a special order governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the accused to a fair trial by an impartial jury, the seating and conduct in the courtroom of spectators and news-media representatives, the management and the sequestration of jurors and witnesses and any other matters that the court may deem appropriate for inclusion in such an order."  Local Criminal Rule 53.10(G) specifically provides that such special orders may be addressed to the seating of representatives of news-media.  According to Rule 53.10(G)(1), this Court may issue "an order that no member of the public or news-media representative be at any time permitted within the bar railing."

**Extrajudicial Statements**

The Fifth Circuit has held "that a district court may in any event impose an appropriate gag order on parties and/or their lawyers if it determines that extrajudicial commentary by those individuals would present a 'substantial likelihood' of prejudicing the court's ability to conduct a fair trial." U.S. v. Brown, 218 F.3d 415, 427 (5th Cir. 2000).  The gag order must be "narrowly tailored and the least restrictive means available." Id. at 428. Local Criminal Rule 53.9 also provides for gag orders in "widely publicized or sensational case[s]" where extrajudicial statements are likely to interfere with the rights of the accused

---

[1]Local Rule 83.3.9(B) defines "environs" as "any place within any United States Courthouse wherein these Rules apply."

to a fair trial by an impartial jury.  At this phase of the case, approximately seven weeks before trial, the Court does not believe that the instant matter falls into the category of "widely publicized or sensational" as contemplated by the local rules.  Likewise, Claville has not presented, and the Court finds none on its own, concrete evidence that extrajudicial commentary by the parties and/or lawyers would present a "substantial likelihood" of prejudice.  If circumstances change, the parties are free to reurge this motion at that time.

**Seating and Conduct in the Courtroom of News-Media Representatives**

Claville has not challenged the media's right under the First Amendment to send representatives to the trial in the instant matter.  Instead, he requests that the press be excluded from physically appearing within the rail in the Courtroom.  Such request is not only appropriate, but is, in the interest of courtroom decorum, the general and customary practice of this Court.  Further, Local Criminal Rule 53.10(G) specifically provides that this Court may enter a special order in a "widely publicized or sensational" case addressing the seating of representatives of news-media and prohibiting news-media representatives from entering within the bar railing.  Accordingly, and without characterizing this case as "widely publicized or sensational," Claville's request that the press be excluded from physically appearing *within the rail* in the Courtroom is granted since it is already the customary practice of this Court.

**Photography by News-Media Representatives**

Local Rule 83.3.8 provides:

Unless authorized by the court, no camera, recording equipment, or other type of electrical or electronic device shall be brought into the premises.  No person shall introduce or attempt to introduce any type of camera, recording equipment or other type of electrical or electronic device into the premises without court permission.

Local Rule 83.3.9(A) specifically prohibits "the taking of photographs in the courtroom or its environs or radio or television broadcasting from the courtroom or its environs, during the progress of or in connection with judicial proceedings . . . , whether or not court is actually in session."   Thus, Claville's motion is granted to the extent that cameras, recording equipment, or other type of electrical or electronic device are not permitted inside the Courthouse and the press will not be permitted to take photographs in the courtroom or its environs.  However, Claville also  requested that the press be forbidden from taking, and then publishing, photographs of the defendants and witnesses *within the proximity* of the Courthouse during the pendency of the trial.  This Court is cognizant of the balance between free press under the First Amendment and the accused's constitutional right to a fair and impartial jury.  See U.S. v. Dickinson, 465 F.2d 496, 501-502 (5th Cir. 1972).  It is this Court's responsibility "to protect the defendant from such inherently prejudicial influences which threaten the fairness of his trial and an abrogation of his constitutional rights."  Id. at 502.  Yet, at this stage of the prosecution, the Court is not prepared to hold that this is the type of "widely publicized or sensational" case that requires a consideration of whether the additional requested restraints on the press are constitutional.  Thus, Claville's request that the press be forbidden from taking and publishing photographs of the defendants and witnesses within the proximity of the Courthouse during the pendency of the trial is denied.

Accordingly,

**IT IS ORDERED** that the Motion to Control Prejudicial Publicity (Record Document 48) filed by the defendant, Vernon Claville, be and is hereby **GRANTED IN PART** and **DENIED IN PART**.  Claville's motion is granted to the extent that the press is prohibited

from physically appearing within the rail in the Courtroom and from taking photographs in the courtroom or its environs.  Claville's request for a gag order and the request that the press be forbidden from taking and publishing photographs of the defendants and witnesses within the proximity of the Courthouse during the pendency of the trial are denied.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this the 8th day of April, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE