**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA          CRIMINAL NO. 07-50097-02

VERSUS                            JUDGE S. MAURICE HICKS, JR.

VERNON CLAVILLE                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court are two Motions to Stay Execution of Sentence (Record Documents 221 & 231) filed by the defendant, Vernon Claville ("Claville"). Both motions pertain to the fine portion of Claville's sentence. See id.

The October 3, 2008 criminal judgment in this matter ordered Claville to pay a lump sum of $165,574.60. See Record Document 217 at 6. The Court provided special instructions regarding the payment of the fine:

> A fine in the amount of $165,474.60 is ordered to be paid to the U.S. Clerk of court and is due and payable immediately . . . .
>
> . . .
>
> The defendant is ordered to liquidate all funds contained in his State of Louisiana Retirement Fund, listed in the [Presentence Investigation Report] at about $120,000.00, and turn them over to the Clerk of Court to be attributed to the financial obligations ordered, within 30 days of this Judgment.

Id. Claville now seeks to stay execution of the fine portion of his sentence, arguing "that if the sentence is executed while the appeal is pending, it will cause irreparable harm and damage." Record Document 221 at 2. Claville contends that "methods other than immediate seizure and sale are available to the Court to insure that [his] assets will be available to satisfy, or partially satisfy, his fine should the judgment of conviction/sentence be upheld on appeal." Record Document 231 at 2. Claville further asserts that protecting

his assets against dissipation pending his appeals could be easily accomplished, especially considering his confinement.  See Record Document 231-2 at 3.  Claville presents the Court with several possible safeguards against dissipation, including an order that he not dissipate his assets, a lien against his home in the amount of the fine, and/or an order that he surrender any life insurance policies to the registry of the Court.  See id.

The instant motion is governed by Federal Rule of Criminal Procedure 38 and Title 18, United States Code, Section 3572.  Rule 38(c) provides:

> If the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay a sentence to pay a fine or a fine and costs.  The court may stay the sentence on any terms considered appropriate and may require the defendant to:
>
> (1) deposit all or part of the fine and costs into the district court's registry pending appeal;
>
> (2) post a bond to pay the fine and costs; **or**
>
> (3) submit to an examination concerning the defendant's assets and, if appropriate, order the defendant to refrain from dissipating assets.

F.R.Cr.P. 38(c)(emphasis added).[1]  Section 3572(g) provides:

> If a sentence imposing a fine is stayed, the court shall, absent exceptional

---

[1] On October 9, 2008, the Court extended the time for Claville to file his notice of appeal until November 14, 2008.  See Record Document 224.  Claville filed the instant motions to stay on October 8, 2008 and October 24, 2008.  See Record Document 221 & 231.  Claville filed a notice of appeal on October 24, 2008.  See Record Document 232.

The filing of the notice of appeal on October 24, 2008 does not divest this Court of jurisdiction to consider and rule on the pending motions to stay.  The plain language of Rule 38(c) supports such finding, as it provides that "***if the defendant appeals***, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay a sentence to pay a fine or a fine and costs."  F.R.Cr.P. 38(c)(emphasis added).  Thus, Rule 38(c) is not triggered until the defendant appeals.  Further, Federal Rule of Appellate Procedure 8(a) states that a party must ordinarily move first in the district court for a stay of judgment or order of a district court pending appeal.  See F.R.A.P. 8(a).

circumstances (as determined by the court) –

    (1)    require the defendant to deposit, in the registry of the district court, any amount of the fine that is due;

    (2)    require the defendant to provide a bond or other security to ensure payment of the fine; *or*

    (3)    restrain the defendant from transferring or dissipating assets.

18 U.S.C. § 3572(g) (emphasis added).

An examination of Claville's assets is set forth in the Presentence Investigation Report. Claville reported owning two homes, but has little or no equity in either of the homes. Claville has a Louisiana State Employee Retirement account containing approximately $120,000. Upon conviction, Claville submitted his paperwork for retirement to the Louisiana State Employees' Retirement System and a temporary determination reveals that he will receive approximately $4,000 per month in net retirement or annuity income. According to the Presentence Investigation Report, this retirement or annuity income began on August 1, 2008. The Presentence Investigation Report did not reference any life insurance policies.

Considering the motions filed by Claville and the particular circumstances of this case, the Court will exercise its discretion under Rule 38(c) and Section 3572(g) and enter a partial stay of execution as to Claville's fine pending appeals. The Court hereby **STAYS** its order for Claville to liquidate all funds contained his State of Louisiana Retirement Fund. Claville is **ORDERED** to refrain from seeking disbursements, withdrawing, transferring, or in any way liquidating the money, including interest payments, contained in his State of Louisiana Retirement Fund. Claville is further **ORDERED** to refrain from transferring or

dissipating any of his assets, regardless of whether the assets were specifically identified in the Presentence Investigation Report. While the Presentence Investigation Report did not identify any life insurance policies, Claville is further **ORDERED** to immediately surrender any life insurance policies to the registry of the Court.

Notwithstanding this partial stay order, the Court declines to stay execution of Claville's fine as to his monthly retirement or annuity income. Again, the Presentence Investigation Report indicated that Claville, even while incarcerated, will receive approximately $4,000 per month in net retirement or annuity income. Accordingly, the Government is permitted to proceed with garnishment and/or seizure of Claville's monthly retirement or annuity income from the Louisiana State Employees' Retirement System.

Thus, in accordance with the rulings set forth above,

**IT IS ORDERED** that the Motions to Stay Execution of Sentence (Record Documents 221 & 231) are **GRANTED IN PART AND DENIED IN PART**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this the 31st day of October, 2008.

                                        S. MAURICE HICKS, JR.
                                    UNITED STATES DISTRICT JUDGE